STATE, Respondent, v. BARCLAY, Appellant.

(191 N. W. 186.)

(File No. 5069.  Opinion filed December 12, 1922.)

1. **Criminal Law—Appeal and Error—Prosecuting Attorney—Jury— Overruling of Objection to Appearance of State's Attorney's Partner After Acceptance of a Portion of Jury Held Not Reversible Error.**

Overruling of objection to the appearance of the state's attorney's partner and his assistance in the prosecution after a portion of the jury had been drawn, on the ground that the jurors already accepted could not be examined as to their relations with such partner, held not reversible error, in the absence of a request by defendant to examine jurors previously accepted, and in the absence of a showing of a prejudice resulting from the court's ruling.

2. **Criminal Law—Evidence—Deceased's Clothing, Showing Course of Shot, Held Admissible to Discredit Defendant's Version as to Deceased's Position at Time of Shooting.**

In homicide prosecution, the clothing worn by deceased at

9—Vol. 46, S. D.

the time of his death held admissible to show the course of the shot and to discredit defendant's version as to the deceased's position at the time of the shooting.

3. Criminal Law—Trial—Homicide—Admission of Deceased's Clothing Worn at Time of Shooting, Before Defendant Admitted Shooting, Held Proper.

In homicide prosecution, the admission in evidence of clothing worn by deceased at time of shooting as a part of the state's main case, and before the defendant had admitted the killing, held proper.

4. Criminal Law—Confessions—Sheriff's Testimony as to Admission by Defendant in Conversation with Son, Overheard by Sheriff, Held Admissible.

Sheriff's testimony as to admission made by defendant in conversation with his son, overheard by the sheriff, not made pursuant to questions by the sheriff, held admissible; the admission being voluntary.

5. Criminal Law—Evidence—Question Calling for Conclusion of Witness Held Harmless, in View of Testimony Enabling Jury to Draw Own Conclusion.

In homicide prosecution in which a witness had testified that deceased's thumb had been removed at the first joint and had indicated to the jury by pointing to her own thumb the joint at which the thumb had been taken off, and there was sufficient evidence before the jury to enable them to draw their own conclusions as to whether it was possible for the deceased to hold a gun with a thumb stub and hand, question as to whether his hand was "in such condition that he could hold anything with it," even though objectionable as calling for the conclusion of a witness, was harmless.

6. Criminal Law—Trial—Instructions—Refusal of Instruction Substantially Covered by One Given Not Error.

In homicide prosecution, refusal of instruction on self-defense held not error, where the instruction was substantially covered by other instructions given by the court.

7. Homicide—Instructions—Self Defense—Instruction on Self Defense Held Sufficient.

In homicide prosecution, instruction on self defense held sufficient.

Appeal from Circuit Court, Fall River County; Hon. WALTER G. MISER, Judge.

George E. Barclay was convicted of manslaughter in the second degree, and from judgment of conviction and from order denying a motion for a new trial, he appeals. Affirmed.

*W. A. Guilfoyle,* of Edgemont, and *Helm & Lewis,* of Hot Springs, for Appellant.

*Byron S. Payne,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Respondent.

(1)  To point one of the opinion, Appellant cited:  State v. Flute (S. D.), 108 N. W. 248.

Respondent cited:  McFern v. Gardner (Mo.), 97 S. W. 972; Galloway v. State (Neb.), 129 N. W. 987; State v. Cobley (Ia.), 103 N. W. 99.

(2)  To point two, Appellant cited:  Wharton's Cr. Ev., Vol. 2, pages 1813-14; Encyc. of Ev., Vol. 4, page 275; Cole v. State, 75 S. W. 527.

Respondent cited:  16 C. J. 619; People v. Hayden, 123 Pac. 1110.

(3)  To point three, Respondent cited:  16 C. J. 717, and cases cited in note; State v. Landers, 21 S. D. 606.

(6)  To point six, Appellant cited:  State v. Hazlett (N. D.), 113 N. W. 374.

Respondent cited:  21 Cyc. 815, 819; Wharton on Homicide, 454.

GATES, P. J.  Defendant was charged with the crime of murder, and was convicted of manslaughter in the second degree. New trial denied.  Defendant appeals.

Appellant was the only eye witness to the killing.  He testified that he was working on the highway when he saw the deceased approaching on horseback; that deceased was riding in the direction of appellant's children, and that when he saw appellant he immediately turned and rode towards him; that deceased immediately began calling him vile names, and threatened to kill him and his whole family, and he thought deceased was about to fire upon him when he went to the fence and got his shotgun and shot deceased.  The circumstantial evidence tended to show that appellant was not on the highway and not on his own premises when he did the shooting, and that deceased was shot in the back and was unarmed.  The evidence discloses that several days previously, deceased had boxed the ears of appellant's son, and that the justice of the peace had refused to issue a warrant for the arrest of deceased.

[1]  Appellant first complains that after a portion of the

jury had been drawn Mr. S. E. Wilson, partner of the state's attorney, appeared and assisted in the prosecution, and that the court overruled appellant's objection, based on the ground that the jurors already accepted could not be examined as to their relations with Mr. Wilson. Appellant did not ask permission to examine such jurors. No prejudice to appellant resulting from the court's ruling is shown.

[2, 3] The next point urged is based upon the reception in evidence of the clothing worn by deceased at the time of his death. No prejudice to appellant resulting from the court's ruling is shown. It is not shown that the admission of the clothing in evidence tended to excite or inflame or prejudice the jury. While the fact of killing was later admitted, parts of the clothing tended to show the course of the shot, and thus tended to discredit appellant's version as to the position of deceased at the time of the shooting. Moreover, the exhibits were introduced in evidence as a part of the main case, and before appellant had admitted the killing. We think such exhibits were properly received in evidence.

[4] Appellant next complains of the reception of evidence from the sheriff touching an admission made by appellant while under arrest. It appeared from an examination made by the court in the absence of the jury that the appellant, his son, and the sheriff were riding in the rear seat of an automobile with two other persons in the front seat; that the admission was made in the course of conversation between father and son, and overheard by the sheriff, and not pursuant to questions by the sheriff or the other two; that no threats or promises were made to appellant by any one. It satisfactorily appeared to the trial court that the admission was voluntary, and we think the court did not err.

[5] The defendant objected to the following question, asked of a witness concerning the hand of the deceased: "Was his hand in such condition that he could hold anything with it?" on the ground that it called for a conclusion of the witness. The witness had already testified that the thumb had been removed at the first joint, and indicated to the jury by pointing to her own thumb the joint at which it had been taken off. The state asked the witness several questions as to the condition of the thumb, and there was sufficient evidence before the jury to enable them to

draw their own conclusions as to whether it was possible for deceased to hold a gun with that thumb stub and hand. No prejudice could result, though the question did call for the conclusion of the witness.

[6, 7] The appellant requested that the following instruction be given to the jury, which was refused:

"The court further instructs the jury that in determining whether the defendant acted as a reasonably prudent man would act, the jury should not be governed by the standard of an ideal person, but by the standpoint of the defendant in the light of all the facts and circumstances disclosed by the evidence. Because the law does not presume or require that any person in moments of real or apparent danger will exercise the same calm judgment that he will under other and ordinary circumstances. In other words, you must consider every incident connected with the killing, the real or apparent danger to the defendant as he considered under the circumstances; and taking into consideration any previous acts or threats of the deceased and their effect upon the mind of the defendant."

The court had instructed the jury fully with reference to self-defense, and further said:

"While you are instructed that if the circumstances attending the killing of the deceased justified the defendant herein in honestly believing that he was in immediate danger from the deceased, then in that case the defendant would be justified in using such force to repel such assault or to overcome such danger as appeared to him under the circumstances would be necessary, and it would not be necessary that, in fact, such danger existed, if the defendant honestly believed that it did exist."

We think the instruction asked for was substantially given by the court, and that it was more favorable to appellant than that approved by this court in State v. Stumbaugh, 28 S. D. 50, 132 N. W. 666, and was fully as favorable to him as the evidence warranted.

Many other assignments of error are discussed. We have examined them all with care, and find them without merit. There is no question in our minds but that appellant has had a fair trial.

The judgment and order appealed from are affirmed.

Note—Reported in 191 N. W. 186. See American Key-Numbered Digest, (1) Criminal Law, Key-No. 1035 (3), 17 C. J. Secs. 3332, 3627; (2) Criminal Law, Key-No. 404(4), 16 C. J. Secs. 1224, 1226; (3) Criminal Law, Key-No. 404(4), 16 C. J. 1226; (4) Criminal Law, Key-No. 406(3), 16 C. J. Sec. 1247; (5) Criminal Law, Key-No. 1169(9), 17 C. J. Sec. 3674; (6) Criminal Law, Key-No. 829(5), 16 C. J. Sec. 2506; (7) Homicide, Key-No. 300(3), 21 Cyc. 1054.